# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Robert P. Young, Jr.,
Chief Justice

October 31, 2013

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147941 (31)

MICHAEL CHARLES WARD,
        Plaintiff-Appellant,

v

SC: 147941
CoA: 310968
Macomb CC: 11-003446-AH

CARSON CITY CORRECTIONAL FACILITY
WARDEN, PAROLE BOARD,
and DEPARTMENT OF CORRECTIONS,
        Defendants-Appellees.

_____/

On order of the Chief Justice, the motion to waive fees pursuant to MCR 7.319(B)(7) is DENIED because MCL 600.2963 requires that a prisoner pursuing a civil action be liable for filing fees. Ordinarily, MCL 600.2963(8) would preclude plaintiff from seeking leave to appeal in this Court because of the outstanding fees he owes in other civil case filings. However, applying that statutory section to bar review of plaintiff's original complaint for habeas corpus in the court of appeals would violate the Equal Protection Clause of the Fourteenth Amendment. *Smith v Bennett*, 365 US 708; 81 S Ct 895; 6 L Ed 2d 39 (1961).

The Clerk shall furnish two copies of this order to plaintiff. Plaintiff has 21 days from the certification of this order to submit one of those copies to this Court. By doing that, plaintiff becomes responsible for paying the $375 filing fee. MCL 600.2963. Failure to timely submit the order will result in the appeal not being docketed in this Court. The Clerk shall retain plaintiff's pleadings until he timely submits the order or the 21-day period for doing so has expired.

Plaintiff is not required to pay an initial partial fee at the time he submits the order to this Court. The Department of Corrections is directed to collect amounts equal to 50 percent of the deposits made to plaintiff's account each month and remit $375 to this Court when that full amount is collected. Plaintiff may not file further appeals in this Court from civil cases initiated by him until the entry fee in this appeal is paid in full. MCL 600.2963(8).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2013



Clerk